1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CYMEYON HILL,                                  No.  2:23-cv-0221 DAD AC P

12                 Plaintiff,

13          v.                                       FINDINGS AND RECOMMENDATIONS

14   HOGLAND, et al.,

15                 Defendants.

16

17          Plaintiff is a civil detainee proceeding pro se with a civil rights action pursuant to

18   42 U.S.C. § 1983.

19   I.     Procedural and Factual Background

20          On June 1, 2023, plaintiff was ordered to supplement his motion for leave to proceed in

21   forma pauperis (IFP) because deposits to his trust account suggested that his claim of having

22   received no money from any source over the past twelve months was not accurate.  ECF No. 8.

23   Specifically, the undersigned found that:

24               The application to proceed in forma pauperis represents that plaintiff
                 has no cash or assets and in the last twelve months has not received
25               any money from a business, profession, or self-employment; stocks,
                 bonds, or royalties; rent payments; pensions, annuities, or life
26               insurance payments; or federal or state welfare payments, social
                 security, or other government sources.  ECF No. 4.  However,
27               plaintiff's trust account statement, which was filed in several other
                 cases in this district, reflects that as of October 20, 2022, plaintiff's
28               account has a balance of $5,221.90, with encumbrances of $565.00,

                                                     1

1

2

3

4

5

> for an available balance of $4,656.90. It shows that his initial balance on April 1, 2022, was $3,818.37, and that plaintiff received the following deposits: (1) $1,200.00 on April 20, 2022, labeled as a special deposit; (2) $600.00 and $51.47 on April 20, 2022, labeled as miscellaneous income; (3) $1,851.47 on May 20, 2022, labeled as TRACS transfer in; (4) $200.00 on June 14, 2022, labeled as JPAY; and (5) $100.00 on September 20, 2022, labeled as a voluntary withdrawal.

6   Id. at 1-2 (citations and footnotes omitted). Plaintiff was ordered to file further briefing that

7   addressed:

8

9

10

11

> 1) the sources of the funds for the initial balance in his inmate trust account on April 1, 2022, and whether he receives income regularly from any of those sources; 2) the sources of the deposits to his inmate trust account listed above and whether he receives income regularly from any of these sources; and 3) whether he has any recurring expenses for any necessities of life."

12   Id. at 2. Instead of responding to the order, plaintiff filed a motion for reconsideration (ECF No.

13   9), which was denied (ECF No. 11). In his motion, plaintiff stated that during a settlement

14   conference he was told by a judge and Attorney General John Falconer that as part of the

15   settlement agreement that all of his filing fees "would be taken care of." ECF No. 9 at 1-2. The

16   motion provides no further details and does not address any of the matters identified in the June 1,

17   2023 order.

18       II.      Legal Standard for In Forma Pauperis Status

19           Section 1915(a)(1) provides, in relevant part, that "any court of the United States may

20   authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or

21   criminal, or appeal therein, without prepayment of fees or security therefor, by a person who

22   submits an affidavit that includes a statement of all assets such [person[1]] possesses that the person

23   is unable to pay such fees or give security therefor." "[A] plaintiff seeking IFP status must allege

24

_____

25

26

27

28

[1] "Person" has been substituted for "prisoner" because it appears "that the use of the word 'prisoner' was an oversight" and "that the affidavit requirement of section 1915(a)(1) applies to all persons applying to proceed [in forma pauperis]." Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997) (citing Floyd v. United States Postal Serv., 105 F.3d 274, 276 (6th Cir. 1997)); Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." (citations omitted)); Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (same).

2

1    poverty 'with some particularity, definiteness and certainty.'" Escobedo v. Applebees, 787 F.3d

2    1226, 1234 (9th Cir. 2015) (quoting United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981)

3    (per curiam)).  Where an in forma pauperis affidavit is written in the language of § 1915(a)(1), the

4    court should ordinarily accept it, "particularly where unquestioned and where the judge does not

5    perceive a flagrant misrepresentation." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S.

6    331, 339 (1948).

7         "The IFP statute does not itself define what constitutes insufficient assets," but the

8    applicant does not need to be "absolutely destitute" to qualify for IFP status. Escobedo, 787 F.3d

9    at 1234 (citations omitted).  In assessing the applicant's financial condition, the court should

10   consider not just the applicant's income, but also the money that applicant pays for necessities

11   such as rent, necessary bills, and food. Id. at 1235.  "It [is] within the court's discretion to make a

12   factual inquiry and to deny the motion when [plaintiff is] unable, or unwilling, to verify their

13   poverty." McQuade, 647 F.2d at 940 (internal citations omitted).

14        III.    Discussion

15        The question before the court is whether the current record demonstrates that plaintiff's

16   application meets the § 1915(a)(1) standard under Adkins, 335 U.S. at 339, and its progeny.  This

17   includes consideration of whether plaintiff's funds are sufficient to pay not only the filing fee but

18   also the "costs of certain transcripts and records on appeal and of service of process." See

19   28 U.S.C. § 1915(c), (d).  Here, despite being ordered to provide additional information regarding

20   his financial status, plaintiff has refused to provide a clear picture of his assets and obligations,

21   even after the court specified the financial information he must provide.  Plaintiff's incomplete

22   and misleading representations to the court make an assessment of his financial condition all but

23   impossible.

24        More troubling are plaintiff's conflicting statements made under penalty of perjury.  In his

25   original January 3, 2023 application, plaintiff wrote, under penalty of perjury, that he had

26   received no money from any of the listed sources in the past twelve months and had no cash or

27   assets. ECF No. 4.  Yet his trust account statement shows that, during the six months preceding

28   the filing of the complaint, he received hundreds of dollars in deposits to his trust account in

                                              3

1    addition to the approximately $3,800.00 already in his account.  Plaintiff then failed to respond to

2    the court's order that he provide the source of these payments and beginning balance, and that he

3    inform the court whether he receives money from those sources regularly.  Instead, he filed only a

4    motion for reconsideration that provided, without further elaboration, that he was told his filing

5    fees "would be taken care of" as part of a settlement agreement.  ECF No. 9 at 1-2.  Furthermore,

6    though not a prisoner, plaintiff is civilly detained, meaning many of his necessities are paid for by

7    the state, and he has failed to address whether he had any recurring expenses and his application

8    to proceed in forma pauperis does not reflect any such expenses.

9         While Escobedo, 787 F.3d at 1235, indicates that the court must consider the costs of

10   plaintiff's necessities of life, such consideration is impossible without an accurate picture of those

11   costs and plaintiff's income.  Plaintiff has completely failed to explain why he is unable to afford

12   necessities of life and the costs of the filing fee, service of process, and appellate costs when he is

13   in the custody of the state and has thousands of dollars in his trust account.  Nor is the court able

14   to determine on its own whether plaintiff can pay for the costs of service of process or costs

15   generated by any appeal that plaintiff may file because of plaintiff's failure to clarify his assets

16   and expenses.  Instead, plaintiff apparently believes that his filing fees are to be paid as part of a

17   settlement agreement, but he offers no evidence to support this belief.

18        Here, the court observed what appeared to be a "flagrant misrepresentation" in plaintiff's

19   IFP application when it became aware that plaintiff's trust account statement showed that plaintiff

20   had several thousand dollars in his inmate trust account.  The court gave plaintiff an opportunity

21   to file a supplemental affidavit "to state the facts as to [his] poverty with some particularity,

22   definiteness and certainty."  McQuade, 647 F.2d at 940.  However, plaintiff has completely failed

23   to supplement his application and it therefore appears that he is "unable, or unwilling, to verify

24   [his] poverty."  Id.  The court cannot make the assessments necessary to determine the propriety

25   of IFP status here for the simple reason that plaintiff has not provided the necessary information

26   and is, apparently, unwilling or unable to do so.  Plaintiff has made apparent misrepresentations

27   about his financial condition and has refused the court's invitation to provide an accurate picture

28   of his finances.  Accordingly, the motion to proceed in forma pauperis should be denied.  See

4

1  McQuade, 647 F.2d at 940 ("It [is] within the court's discretion to make a factual inquiry and to

2  deny the motion when [plaintiff is] unable, or unwilling, to verify their poverty." (internal

3  citations omitted)).

4     IV.    Conclusion

5        For the reasons set forth above, plaintiff's application to proceed in forma pauperis should

6  be denied and plaintiff should be required to pay the filing fee in full or face dismissal of this

7  case.

8        Accordingly IT IS HEREBY RECOMMENDED that:

9        1.  Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 4) be DENIED.

10       2.  Plaintiff be given thirty days to pay the filing fee or face dismissal of the case.

11       These findings and recommendations are submitted to the United States District Judge

12  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

13  after being served with these findings and recommendations, plaintiff may file written objections

14  with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

15  and Recommendations."  Plaintiff is advised that failure to file objections within the specified

16  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

17  (9th Cir. 1991).

18  DATED:  September 11, 2023.

20  _____
    ALLISON CLAIRE
21  UNITED STATES MAGISTRATE JUDGE

5